AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF Massachusetts _____

UNITED STATES OF AMERICA

V.

1. NUEREL CARR,
   a/k/a FREDERICK D. BROWN,
   a/k/a "COX"
2. MICHAEL MCDONALD

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: MJ04-m-282 JLA

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 23, 2004__ in __Norfolk__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess cocaine, a Schedule II controlled substance, with intent to distribute,

in violation of Title __21__ United States Code, Section(s) __841(a)(1) and 18 U.S.C. Sec. 2__.

I further state that I am a(n) __Special Agent with ICE__ and that this complaint is based on the following
                                    Official Title
facts:

See Affidavit of Special Agent Peter Darling attached hereto and incorporated by reference herein.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

11-24-2004                                         at          Boston, Massachusetts
Date                                                              City and State

Joyce London Alexander
Magistrate Judge                                       _____
Name & Title of Judicial Officer                        Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**Affidavit of Peter Darling**

I, Peter Darling, on oath depose and state that:

1. I am a Special Agent with the Department of Homeland Security, Customs and Immigration Enforcement ("ICE"), formerly known as the United States Customs Service, and I have been so employed for approximately six years. Since November 2003, I have been assigned to ICE's field office in Boston. Prior to that, I was assigned to ICE's field office in Chicago, Illinois for approximately five years. I have received specialized training from ICE in the importation, transportation, and distribution of controlled substances. During the course of my career, I have been involved in numerous narcotics investigations and cases involving a number of investigative techniques, including the debriefing and use of confidential informants, controlled purchases of drugs, electronic surveillance, and physical surveillance.

2. I am submitting this affidavit in support of a criminal complaint against **DONOVAN SORRELL ("SORRELL")** for possession of cocaine, a Schedule II controlled substance, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). This affidavit also is submitted in support of a criminal complaint against **NUEREL CARR ("CARR") A.K.A. FREDERICK D. BROWN and A.K.A. "COX"**, and **MICHAEL MCDONALD ("MCDONALD")** for possession of cocaine, a Schedule II controlled substance, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). As set forth more fully

below, the quantity of cocaine involved in these offenses is over five hundred grams. Accordingly, the five-year minimum mandatory provision contained in 21 U.S.C. § 841(b)(1)(B) is applicable. Since I am submitting this affidavit for the limited purpose of establishing probable cause, I have not set forth each and every fact known to me concerning this investigation.

### Origin of the Investigation

3. On November 23, 2004, **SORRELL**, a Jamaican national, entered the United States on Jamaican Airlines flight 49 which originated in Jamaica. Flight 49 arrived at Boston's Logan International Airport at approximately 10:30 p.m. Customs and Border Protection agents conducted intensive inspections and directed approximately 90% of the passengers from Jamaican Airlines flight 49 to the agricultural inspection area to have their luggage x-rayed. An x-ray of Sorrell's luggage revealed three bottles, two of which appeared to contain solid objects. Sorrell was brought to a table where he identified the luggage as his property. The two bottles which appeared to contain solid objects were removed from the bag. One was a rum bottle, the other was a "Nonnie Juice" bottle. The two bottles were x-rayed again. The solid objects inside each bottle were visible in the x-ray.

4. The two bottles containing what appeared to be solid objects were taken to another area where a probe was

inserted into each bottle. The probe revealed that there was a solid object inside each bottle. A sample of the contents of each solid object was extracted and field tested for the presence of narcotics. The field tests on the contents of the solid objects in each bottle revealed the presence of cocaine.

5. Sorrell was advised of his Miranda warnings and agreed to cooperate with law enforcement. He stated that on two occasions in September and October 2004 he brought cocaine from Jamaica to Boston through Logan International Airport. On both earlier trips the cocaine was concealed inside bottles of rum. Sorrell stated that he transported the cocaine for "Winston" LNU. Sorrell knows Winston through a man he knows in Jamaica as "Bones." Sorrell was paid $4,000 in U.S. currency for the first delivery and $5,000 in U.S. currency for the second delivery. He was to be paid $5,000 for this delivery. He stated that on the two previous trips he had been instructed that after arriving in Boston to rent a room at the Best Western Hotel in Quincy, Massachusetts and to then call "Bones" in Jamaica to inform him that he arrived and to provide his hotel room number. Sorrell had been informed that an individual name "Cox" would pick up the cocaine at the Best Western. On both prior trips, a tall black male, with a facial scar, came to his hotel room to pick up the bottles containing the cocaine. "Cox" paid Sorrell for transporting the cocaine. On one occasion Sorrell was paid at the

3

time the cocaine was picked up, on the other occasion he was paid by "Cox" three days later. Sorrell stayed in Boston for about five days before returning to Jamaica on both previous occasions.

6. On November 24, 2004, a controlled delivery of the cocaine recovered from Sorrell's luggage was conducted at the Best Western Hotel in Quincy. Sorrell agreed to go with federal agents to the Best Western Hotel in Quincy and contact "Bones." With federal agents present, Sorrell called "Bones" in Jamaica and told him that everything was OK, that he had been delayed getting into his room because his flight was late, and that he was in room 109. A short time later Sorrell received a call on his hotel room phone from Winston, who asked Sorrell why there was a delay getting into the room. Sorrell told Winston that the flight had been delayed and he could not get into his room, but that everything was OK.

7. At approximately 9:30 a.m., a male matching Cox's description and another male arrived at the Best Western Hotel in a 2000 Nissan Pathfinder registered to Michael **McDonald** of 62 Constitution Road, Mattapan, Massachusetts. The driver was later identified as McDonald. COX was later identified as **Carr**. McDonald parked the vehicle and Carr exited and walked to room 109. Federal agents were posted outside the hotel and in the room next door to room 109. Carr entered the room, spoke with Sorrell, and left with the two bottles containing the cocaine.

♦JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet**  U.S. District Court - District of Massachusetts

Place of Offense: _____   Category No. __II__   Investigating Agency __ICE__

City    __Quincy__    Related Case Information:

County  __Norfolk__    Superseding Ind./ Inf. _____ Case No. _____
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number  __04-MJ-00282-JLA__
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   __Neurel Carr__    Juvenile  ☐ Yes   ☒ No

Alias Name   "Frederick D. Brown" "Cox"

Address   41 Waverly Street, Roxbury, MA  02118

Birth date (Year only): __1946__   SSN (last 4 #): _____   Sex __M__   Race: __Black__   Nationality: __Jamaican__

Defense Counsel if known:   __Edward L. Hayden, III, Esq.__   Address: __7 Franklin Street__
__Lynn, MA  01902__

Bar Number: _____

**U.S. Attorney Information:**

AUSA   __David G. Tobin__    Bar Number if applicable _____

Interpreter:   ☐ Yes   ☒ No    List language and/or dialect: _____

Matter to be SEALED:   ☐ Yes   ☒ No

☐ Warrant Requested    ☐ Regular Process    ☒ In Custody

**Location Status:**

Arrest Date:   __November 24, 2004__

☒ Already in Federal Custody as   __of November 24, 2004__   in   __Boston, MA__.
☐ Already in State Custody _____  ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

Charging Document:   ☒ Complaint   ☐ Information   ☐ Indictment

Total # of Counts:   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony  2

Continue on Page 2 for Entry of U.S.C. Citations

☐   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:  11/30/04   Signature of AUSA: _____

JS 45  (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

**District Court Case Number**  (To be filled in by deputy clerk): _____

**Name of Defendant**    Neurel Carr

### U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 21 U.S.C. § 841(a)(1) | Poss. Cocaine w/ Intent to Distribute | 1 |
| Set 2 | 18 U.S.C. § 2 | Aiding and Abetting | 2 |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 1/15/04)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:** _____   **Category No.** II   **Investigating Agency** ICE

**City** Quincy   **Related Case Information:**

**County** Norfolk   Superseding Ind./ Inf. _____ Case No. _____
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number   04-MJ-00282-JLA
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   Michael McDonald   Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address   16 Constitution Road, Mattapan, MA  02136

Birth date (Year only): 1963   SSN (last 4 #): _____   Sex M   Race: Black   Nationality: Jamaican

Defense Counsel if known:   Page Kelley, Esq.   Address: 408 Atlantic Avenue, 3rd Floor
Boston, MA  02110

Bar Number: _____

**U.S. Attorney Information:**

AUSA   David G. Tobin   Bar Number if applicable _____

Interpreter:  ☐ Yes  ☒ No   List language and/or dialect: _____

Matter to be SEALED:  ☐ Yes  ☒ No

☐ Warrant Requested   ☐ Regular Process   ☒ In Custody

**Location Status:**

Arrest Date:   November 24, 2004

☒ Already in Federal Custody as   of November 24, 2004   in   Boston, MA   .
☐ Already in State Custody _____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

Charging Document:   ☐ Complaint   ☐ Information   ☐ Indictment

Total # of Counts:   ☐ Petty   ☐ Misdemeanor   ☒ Felony   2

Continue on Page 2 for Entry of U.S.C. Citations

☐   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 11/30/04   Signature of AUSA: *[signature]*

JS 45  (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**     Michael McDonald

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   21 U.S.C. § 841(a)(1) | Possession of Cocaine w/ Intent to Distribute | 1 |
| Set 2   18 U.S.C. § 2 | Aiding and Abetting | 2 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**