

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 10, 2005

John M. Moscardelli, Esquire
Peters & Moscardelli
Eight Winter Street, 12th Floor
Boston, MA 02108

   Re:  **United States v. Michael McDonald**
        **Criminal No. 05-10016-RCL**

Dear Mr. Moscardelli:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

    There are no relevant written statements of the defendant Michael McDonald in the possession, custody or control of the government, which are known to the attorney for the government.

     b.   Recorded Statements

    There are no relevant recorded statements of the defendant Michael McDonald in the possession, custody or control of the government, which are known to the attorney for the government.

    Please note, an unsuccessful attempt was made to record the conversation between Mr. Carr and Mr. Sorrell at the Adams Inn in Quincy, MA.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant Michael McDonald did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

After his arrest in Quincy, MA on November 24, 2004, Michael McDonald was advised of his <u>Miranda</u> warnings, waived his rights, and provided an oral statement to investigators. The Complaint Affidavit of Special Agent Peter Darling, which has previously been provided to you, details the defendant's post-arrest statement.

The government is unaware of any other oral statement made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed is a copy of the defendant's prior criminal record.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

A copy of the laboratory analysis report pertaining to the testing of the cocaine in this case has not been received. It will be provided to you upon receipt by this office.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

An inventory search was conducted of Michael McDonald's Nissan Pathfinder on November 24, 2004. The inventory search revealed that several glassine bags of cocaine were in the area of the driver's side windshield visor.

C.    <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

    No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.    <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

    There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.    <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

    The names of known unindicted coconspirators as to the conspiracy charged in Count One of the indictment are set forth in a separate letter, dated March 9, 2005, to defense counsel.

F.    <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

    I have no information indicating that the defendant Michael McDonald was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.    <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

    With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

    1.    The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

    2.    The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

  3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

  4. The government is unaware that any of its named case-in-chief witnesses have a criminal record.

  5. The government is unaware that any of its named case-in-chief witnesses have a criminal cases pending.

  6. No named] percipient witness failed to make a positive identification of a defendant with respect to the crimes at issue.

H. <u>Other Matters</u>

  The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

  The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

  The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint in this case and forth in the indictment in this case, copies of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at (781) 982-2631 if you have any questions.

>Very truly yours,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ David G. Tobin
>DAVID G. TOBIN
>Assistant U.S. Attorney

enclosure

cc: REX BROWN
   Clerk to the Honorable JOYCE LONDON ALEXANDER
   w/o enclosure