UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-10016-RCL |
| | ) |
| MICHAEL McDONALD | ) |
| | ) |

**DEFENDANT'S PRELIMINARY MEMORANDUM IN SUPPORT OF HIS MOTION TO SUPPRESS**

Defendant Michael McDonald respectfully submits this memorandum in support of his motion to suppress. Given that defendant was arrested without a warrant, the government has the burden of proving that the challenged police conduct was lawful. United States v. Cruz Jimenez, 894 F.2d 1, 6 (1st Cir. 1990). Defendant reserves the right to amend or supplement this memorandum in response to the government's reply and to the extent that additional discovery and investigation require.

**PRELIMINARY STATEMENT OF FACTS[1]**

On November 23, 2004, one Donovan Sorrell arrived at Logan Airport on a flight from Jamaica at approximately 10:30 p.m. An x-ray of his luggage revealed three bottles, two of which appeared to contain solid objects. Field tests conducted on the

---

[1] This preliminary statement of facts is derived from a law enforcement affidavit and from testimony at an evidentiary detention hearing held on December 7, 2004.

1

contents of the solid objects in each bottle revealed the presence of cocaine.

Sorrell was advised of his rights and proceeded to cooperate with law enforcement agents. Among other things, he admitted that on two prior occasions in September and October, 2004 he brought cocaine from Jamaica to Boston via Logan Airport. On both occasions the cocaine was concealed inside bottles of rum. In addition, Sorrell mentioned two individuals from Jamaica and also the name of an individual who had met him in Boston on the prior occasions to pick up the "bottles of rum." However, Sorrell never made any mention whatsoever of the defendant, Michael McDonald.

On November 24, 2004, a controlled delivery of the items seized was conducted at a motel in Quincy. Sorrell agreed to go with federal agents to the motel and contact one of the individuals in Jamaica. With agents present, Sorrell spoke with the individual in Jamaica and, a short time later received a call in his hotel room from the second individual.

Sometime later, an individual later identified as Norell Carr arrived at the motel as a passenger in an automobile registered to the defendant, Michael McDonald, who was driving. Carr exited the vehicle and entered room 109 of the motel, spoke with Donovan Sorrell, and left with the two "bottles of rum." At no time, did the defendant, Michael McDonald, ever exit his vehicle. According to the Government's Fed. R. Crim. P. 16 letter to defense counsel, dated March 9, 2005, "an unsuccessful attempt was made to record the conversation between Mr. Carr and Mr. Sorrell at the Adams Inn in Quincy, Massachusetts."

After exiting the hotel room, Carr was immediately arrested as was the defendant Michael McDonald. Defendant McDonald made no attempt to flee. Immediately upon being taken into custody, McDonald and his vehicle were searched and he was interrogated at length by two to three law enforcement agents, both at the scene and again at law enforcement headquarters.

Although Sorrell had given law enforcement agents both a name and a "street name" for the two Jamaicans, and also gave a pseudonym ("Cox") and a physical description of the person who had picked up the cocaine on prior occasions and would also be picking up the cocaine on this particular trip, Sorrell made no mention whatsoever of the defendant Michael McDonald. Further, although Agent Peter Darling had extensive experience in narcotics investigations, controlled purchases of drugs, and the use of confidential informants, neither he nor any of the agents working with him on this particular matter had any prior knowledge whatsoever of the defendant Michael McDonald. At the time of his arrest, McDonald not only was completely unknown to these officers, but he was seated alone in a vehicle that was owned by him, validly registered and insured, and he had no outstanding warrants in any court.

## ARGUMENT

### I. THERE WAS NO PROBABLE CAUSE TO ARREST DEFENDANT

Warrantless arrests are presumptively unconstitutional and must be supported by probable cause. *United States v. Watson*, 423 U.S. 411, 417 (1976), U.S. Const.

Amend. 4. Probable cause requires the government to show "that, at the time of the arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense." United States v. Torres-Maldonado, 14 F.3d 95, 105 (1st Cir. 1994).

"In the name of investigating a person who is no more than suspected of criminal activity, the police may not carry out a full search of the person ... or other effects .... Nor may the police seek to verify their suspicions by means that approach the conditions of arrest." Florida v. Royer, 460 U.S. 491, 499 (1983). Reasonable suspicion of a crime cannot justify custodial interrogation even if the nature of the interrogation is for investigatory purposes. Id. at 499 (citations omitted.) Further, probable cause must exist as to each person arrested; "mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause..." Ybarra v. Illinois, 444 U.S. 85, 91 (1979).

Courts consider two separate factors when assessing the significance of the association between the defendant and others: whether the known criminal activity was contemporaneous with the association and whether, under the circumstances, knowledge of all parties is essential to the crime. United States v. Martinez-Molina, 64 F.3d 719, 727 (1st Cir. 1995) (citing United states v. Hillison, 733 F.2d 692, 697-698 (9th Cir. 1984). In Martinez-Molina, the Court of Appeals for the First Circuit examined case law examining association between and among individuals. The court reviewed its own

earlier decision in United States v. Chadwick, 532 F.2d 773. 784 (1st Cir. 1976), *aff'd on other grounds* 433 U.S. 1 (1977) in which the, "mere act of picking up suspected drug traffickers at the train station and helping them load a contraband-laden footlocker into car does not, without more, constitute probable cause." Martinez-Molina, *supra* at 727.

In the present case, applying the two Hillison factors, even if the association was contemporaneous with the criminal activity, knowledge of the parties was certainly not essential to the offense. Indeed, given the lack of concern exhibited by Mr. McDonald, by parking his own car in the motel parking lot, sitting in the car without suspiciously looking around to observe any surveillance, and given the fact that Mr. McDonald did not leave the car and enter the motel all coupled with the fact that the government informer did not mention or allude to Mr. McDonald, the authorities did not have probable cause to arrest him. Indeed, this case in which Mr. McDonald provided transportation and nothing more to Carr, is much more like *Chadwick*, *supra*, where the mere act of picking up narcotics traffickers could not provide probable cause to arrest.

In United States v. Di Re, 332 U.S. 581, (1948), the Court grappled with a similar situation to the case at bar; an informant (who had been involved in the investigated criminal activity) had provided information to the authorities regarding a criminal act and named an individual involved in the crime. That person was not Di Re. However, officers observed Di Re in the presence of the named individual and arrested Di Re. As in the present case, the police had no previous information regarding Di Re and their informant never mentioned Di Re. The Court reversed Di Re's arrest and

5

conviction. "Any inference that everyone on the scene of a crime is a party to it must disappear if the Government informer singles out the guilty person." *Id.* at 594.

Here, no probable cause existed to take defendant into custody and conduct a custodial interrogation. Therefore, the arrest violated the Fourth Amendment to the United States Constitution; all evidence obtained as a result of the arrest must be suppressed.

## II. THE FRUITS OF THE ILLEGAL ARREST MUST BE SUPPRESSED

The remedy for a warrantless arrest without probable cause is well settled: "if an arrest is not based on probable cause, then statements and evidence obtained as a result of the arrest are inadmissible." *United States v. Fiasconao*, 315 F.3d 28, 34 (1st Cir. 2002). The fruits of defendant's unlawful arrest include his statements, the seizures of property on his person and from his vehicle.

While not conceding that the defendant made any of the incriminating statements attributed to him, any statement, taken in the wake of the illegal arrest, must be suppressed. See *Brown v. Illinois*, 422 U.S. 590, 601-02 (1975) (defendant's statement, separated from his illegal arrest by less than two hours, suppressed under *Wong Sun*); *Wong Sun v. United States*, 371 U.S. 471, 484-86 (1963); *United States v. Jorge*, 865 F.2d 6, 9-10 (1st Cir. 1989).

Second, a search incident to an arrest requires a prior valid arrest. See *Smith v. Ohio*, 494 U.S. 541, 543 (1990) (reasoning that "[a]s we have had occasion in the past to observe, '[i]t is axiomatic that an incident search may not precede an arrest and

serve as part of its justification," citing *Sibron v. New York*, 392 U.S. 40, 63 (1968)).

Where there was no lawful arrest, such evidence seized must be suppressed.

Third, is abhorrent to the Fourth Amendment to arrest first in the hope that probable cause will follow. Yet that was the course here, and the fruits of the arrest must be suppressed.

## CONCLUSION

For the reasons set forth above, defendant's arrest and the fruits of the unlawful arrest, including all statements and physical evidence, should be suppressed.

MICHAEL McDONALD
By his attorney,

_____
JOHN M. MOSCARDELLI, BBO #357340
Peters & Moscardelli
Eight Winter Street, 12th Floor
Boston, MA 02108
Tel. (617) 423-6222

DATED: 7/20/05

### Certificate of Service

I, JOHN M. MOSCARDELLI, counsel for the defendant, Michael McDonald, hereby certify that I have this day served a copy of the foregoing motion upon Assistant United States Attorney David G. Tobin of the United States Attorney's Office, United States District Court, One Courthouse Way, Suite 9200, Boston, MA 02210 by mailing the same, postage pre-paid.

_____
JOHN M. MOSCARDELLI

7