UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____                )
UNITED STATES OF AMERICA      )
                              )
            v.                )    CRIMINAL NO. 05-10016-RCL
                              )
MICHAEL McDONALD, et al.,     )
                 Defendants.  )
_____)


ORDER ON
DEFENDANT, MICHAEL McDONALD'S MOTION TO SUPPRESS

LINDSAY, District Judge.

Before the court is a motion of defendant Michael McDonald to suppress all evidence seized and all statements made following his arrest and a search of his motor vehicle on November 24, 2004. McDonald has been indicted on two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2.

The United States asserts that the arrest of McDonald was upon probable cause and thus valid, and that the items seized, pursuant to a search incident to the lawful arrest and the statements McDonald made following the arrest are admissible. The essential facts are not in dispute and are set forth in the respective briefs of the parties. For that reason, I do not include a separate recitation of those facts and state here only the legal conclusions I have drawn from them.

Because McDonald was arrested without a warrant, the United States bears the burden of establishing that "at the time of the arrest, the facts and circumstances known to the arresting

officers were sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense." *United States. v. Torres-Maldonado*, 14 F.3d 95, 105 (1st Cir.1994). The United States has not met that burden in this case. The only information the arresting officers had about McDonald, at the time of his arrest, was that he was the owner and driver of an automobile which conveyed Neural Carr to the Best Western Hotel for a drug transaction.

The undisputed facts of record establish the following, directly or by inference. The vehicle in question was owned by McDonald, and it was validly registered and insured. There were no arrest warrants outstanding pertaining to McDonald. None of the law enforcement officers involved in the investigation of this case had previous knowledge of McDonald. None of the officers had information regarding the nature or duration of any relationship between McDonald and Carr. Furthermore, it is not disputed that McDonald waited in his vehicle after Carr exited and went into the Best Western Hotel to conclude what, unknown to either Carr or McDonald, was a controlled drug transaction. There was no indication that, at the time of the arrest, McDonald was in a position to see or hear the drug transaction within the hotel, or that he even knew that a drug transaction was taking place.

Thus, the circumstances of this case are analogous to those in *United States v. Chadwick*, 532 F.2d 773, 784 (1st Cir. 1976), in which the First Circuit affirmed the district court's suppression of evidence, including statements. I find that McDonald's arrest was not valid, in that there was no probable cause for the arrest. Accordingly, items seized upon the search of the vehicle will be suppressed, because the search of the vehicle was not a search incident to a lawful arrest. The statements made by McDonald following the arrest likewise will be suppressed, because the arrest was not lawful and the statements are the fruit of the unlawful arrest. *See*

*United States v. Fiasconano*, 315 F.3d 28, 34 (1st Cir. 2002) (noting that "[g]enerally, if an arrest is not based on probable cause, then statements and evidence obtained as a result of the arrest are inadmissible.").

/s/ Reginald C. Lindsay, USDJ

October 28, 2005