UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA,           )
            Plaintiff               )
                                    )
v.                                  )   CR No. 05-10016-RCL
                                    )
MICHAEL McDONALD,                   )
            Defendant,              )
_____)

MEMORANDUM ORDER ON GOVERNMENT'S MOTION TO RECONSIDER

On October 28, 2005, I issued an order granting the motion of the defendant, Michael McDonald, to suppress all evidence seized from him and all statements made by him following his arrest and a search of his motor vehicle on November 24, 2004. The United States had argued, in opposition to that motion, that "the facts of this case provided Immigration and Customs Enforcement ("ICE") agents with probable cause to arrest the defendant on the morning of November 24, 2004. As probable cause existed, the defendant's arrest was valid and the Motion to Suppress must be denied." Government's Response to Motion to Suppress ("Gov't. Response") at 1. Thus, the government defended against the motion to suppress solely on the ground that, at the time law enforcement officers arrested McDonald, they had probable cause to do so and the search of the vehicle was incident to a lawful arrest. The statements, the government argued, likewise were lawfully obtained following a lawful arrest and *Miranda* warnings. *See id.* at 11.

I ruled to the contrary, noting that "[t]he only information the arresting officers had about McDonald at the time of his arrest, was that he was the owner and driver of an automobile which conveyed Neural Carr [a co-defendant] to the Best Western Hotel for a drug transaction." Order

at 2. I pointed out that the undisputed facts of record showed that none of the law enforcement officers involved in the investigation had previous knowledge of McDonald; that they had no information regarding the nature or duration of any relationship between McDonald and Carr; that McDonald was driving a validly registered and insured automobile, which he owned; and that there was no indication that McDonald knew that a drug transaction was taking place within the Best Western Hotel. *Id.*

In the present motion, styled "A Motion to Reconsider Allowance of Suppression Motion" ("Motion to Reconsider"), the government argues that the detention of McDonald was based on the officers' "reasonable suspicion based on specific and articulable facts" that McDonald was involved in criminal conduct, and that the ensuing search of his vehicle was a reasonable protective search. *See* Motion to Reconsider at 6-7. In other words, the government now argues, for the first time, that the detention of the defendant was not an arrest, but a *Terry* Stop. *See Terry v. Ohio,* 392 U.S. 1 (1968). Citing *Michigan v. Long,* 463 U.S. 1032, 1049-50 (1983), the government further argues that the search of McDonald's automobile, as a result of which cocaine was found, was a "permissible extension of the *Terry* pat-frisk." Motion to Reconsider at 6.

Whatever may be the merits of the government's argument (and the defendant makes a credible opposing argument, based on the First Circuit's recent decision in *McKoy v. United States,* 428 F.3d 38 (1st Cir. 2005), that the detention and subsequent search of the defendant's car were unwarranted even under *Terry*), the argument is inappropriately made on the present motion to reconsider. *See Cochran v. Quest Software, Inc.,* 328 F. 3d 1, 11 (1st Cir. 2003). The *Terry*-stop argument that the government now advances is a new theory for the admissibility of

the evidence and statements in question in this case.  As such, the argument is foreclosed by well established First Circuit jurisprudence on motions for reconsideration:

> It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling.  This principle has deep prudential roots.  Litigants normally must frame the issues in a case before the trial court rules.  After that point, a litigant should not be allowed to switch from theory to theory like a bee in search of honey.

*Id.* (citation omitted).

The *Terry*-stop argument is based on no new evidence; it is, rather, a new theory premised on the same undisputed evidence that was before me on the original motion to suppress.  Assuming the facts of record permitted, the government could have made its *Terry*-stop argument as an alternative to its probable-cause argument, in opposition to the motion to suppress.[*]  The government, for reasons of its own, did not take this course; those reasons are not

---

[*] The undisputed facts of record in this case, however, render the *Terry*-stop theory a dubious one at best.  The parties agree that, as soon as Carr exited the Best Western Hotel, both he and McDonald were arrested and taken into custody.  Defendant's Brief on Motion to Suppress ("Defendant's Brief") at 3  ("After exiting the hotel room, Carr was immediately arrested as was the defendant Michael McDonald").  Gov't. Response at 3  ("Carr exited the room carrying the two bottles containing the cocaine, and began walking toward the defendant, who had remained waiting for Carr in his vehicle.  At this point, Carr and the defendant *were arrested by federal agents*.  *After the defendant was taken into custody*, law enforcement agents searched his Nissan Pathfinder.  *An inventory of the vehicle* resulted in the seizure of several packets of cocaine by the *Massachusetts State Police*." )  (emphasis added).  Gov't. Response at 6 ("Both [Carr] and [McDonald] were. . . arrested as [Carr] made his way back toward [McDonald's] vehicle.").  I infer from these facts that McDonald was fully searched at the time that he was taken into custody, and that the search of his vehicle, as the government acknowledges, took place some time thereafter.  The facts of record thus do not bespeak a *Terry* stop and subsequent frisk, but an arrest and thereafter a search of the vehicle.  Even if the detention of McDonald were justified as a *Terry* stop, a separate analysis would be required to assess the legality of the search of the vehicle.  *United States v. McKoy*, 428 F.3d 38, 39 (1st Cir. 2005).  The search of the vehicle could only be justified by a reasonable belief of the officers that such a search was necessary for their protection or the protection of others nearby.  *Id.*; *See*

offered in the present motion. The government therefore cannot now shift gears and present the *Terry*-stop argument as a sequel to its initial opposition. *Id.* The motion to reconsider is DENIED.

SO ORDERED.

                                                  /s/ REGINALD C. LINDSAY
                                                 United States District Judge

DATED: January 19, 2006

---

*also Michigan v. Long*, 463 U.S. 1032, 1051 n.14 (1983). Once McDonald was in custody and had been searched, it does not seem reasonable for the officers to believe that a search of his vehicle was necessary for the protection of the officers or others. In any case, the record before me is devoid of any articulable facts that would justify a reasonable belief that the search of McDonald's vehicle is justified as a protective search. *Cf. Long*, 463 U.S. 1032 (*Terry* search of a vehicle justified where police officers stopped a motorist who was driving erratically and at a high rate of speed late at night in a rural area and appeared intoxicated, the motorist emerged from his vehicle as the officers approached him and then turned around to reach into the vehicle for his license and registration, and, as he turned, the officers saw a hunting knife on the floor of the vehicle). Indeed, while it is not entirely clear from the record here, it appears from the government's recitation of the facts that cocaine was found in McDonald's vehicle in the course of an *inventory* search. *See* Gov't Response at 3 ("An inventory of the vehicle resulted in the seizure . . . .").