UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 05-10016-RCL |
| MICHAEL McDONALD | ) ) ) ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CODEFENDANT STATEMENTS, FED.R.EVID. 801(d)(2)(E), AND MEMORANDUM IN SUPPORT THEREOF**

**PRELIMINARY**

Defendant Michael McDonald moves to exclude anticipated testimony by former co-defendant Donovan Sorrell; to wit, a statement to Sorrell by former co-defendant Neurel Carr that Carr was a supplier of cocaine to Mr. McDonald.  The statement is excludable as hearsay and the government cannot avail itself of the exception for co-conspirator statements contained in Fed.R.Evid. 801(d)(2)(E).  The government cannot establish by a preponderance of the evidence that the statement was made in furtherance of the conspiracy and that a conspiracy existed embracing both Mr. McDonald and Carr.  Moreover, even if the government could do so (it cannot), coconspirator statements are not deemed self- elucidating, and to ensure admissibility the proponent must present other evidence sufficient to delineate the conspiracy and corroborate the declarant's and the defendant's roles in it.  The indictment does not allege conspiracy but merely possession with intent to distribute and aiding and abetting on November 24, 2004. (Indictment, Doc. 9.)

1

**FACTS**

A.	Evidence to Exclude

The defense anticipates that the government will offer the testimony of former co-defendant Sorrell that Carr allegedly told Sorrell that he, Carr, supplied cocaine to Mr. McDonald. This evidence was proffered at the U.S. Attorney's Office on July 14, 2005 and reduced to the form of a report on August 16, 2005.

By Order dated October 28, 2005, the Court has excluded all evidence obtained or derived from Mr. McDonald's unlawful arrest. The Court's Order confines the government's evidence to the observation by police of Mr. McDonald driving to a Quincy hotel and never leaving his automobile. The statement of Sorrell was never offered in numerous debriefings but proffered eight months later.

As a more complete statement of facts, counsel refers to the companion motion *in limine* to exclude evidence of prior bad acts filed on the same date as this motion.

**ARGUMENT**

A.	The Government Lacks the Foundation for the Rule 801(d)(2)(E) Exception

Because most of the government's evidence has been suppressed, the government has been denied the necessary extrinsic evidence to prove that Carr and Mr. McDonald were members of a conspiracy and that Carr's statement about McDonald was made in furtherance of that conspiracy. Accordingly, the Court should exclude the statements of Sorrell in the exercise of its discretion. See, *United States v. Sepulveda*, 15 F.3d 1161 (1st Cir. 1993).

Hearsay evidence is inadmissible in criminal trials, subject only to limited exceptions. An

2

out-of-court statement made "by a coconspirator of a party during the course and in furtherance of the conspiracy" to be offered into evidence against that party is admissible if the government can meet foundational requirements. Fed.R.Evid. 801(d)(2)(E). See, e.g., *United States v. Piper*, 298 F.3d 47 (1st Cir. 2002). To invoke this exception, "[t]he proponent of the statement bears the burden of establishing, by a preponderance of the evidence, that a conspiracy embracing both the declarant and the defendant existed, and that the declarant uttered the statement during and in furtherance of the conspiracy." *United States v. Bradshaw*, 281 F.3d 278, 283 (1st Cir. 2002). The first half of this two-part requirement demands the introduction of extrinsic evidence; coconspirator statements are not deemed "self-elucidating" and, to ensure admissibility, the proponent must present other evidence sufficient to delineate the conspiracy and corroborate the declarant's and the defendant's roles in it. See *United States v. Sepulveda*, 15 F.3d 1161, 1181-82 (1st Cir. 1993); see also Fed.R.Evid. 801(d)(2)(E) (providing that the contents of the proffered hearsay statement, standing alone, are insufficient "to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered"). The Court of Appeals reviews a district court's fact-based findings under Rule 801(d)(2)(E) only for clear error. *Sepulveda*, 15 F.3d at 1180.

This foundational requirement is satisfied as long as the government proffers sufficient evidence to establish, by a preponderance of the evidence, the existence of a conspiracy embracing both the declarant and the defendant. *Sepulveda,* 15 F.3d at 1180; *Petrozziello*, 548 F.2d at 23. The trial court acts as the gatekeeper; it bears the responsibility for resolving the question of whether evidence proffered under Rule 801(d)(2)(E) satisfies these criteria. See, Fed.R.Evid. 104(a) (explaining that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court").

The determination of whether an out-of-court statement furthers a conspiracy to such an extent as to justify admissibility under Rule 801(d)(2)(E) is a preliminary question of fact that must be resolved by the trial judge. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). In making that determination, the judge applies a preponderance-of-the-evidence test. *United States v. Piper*, 298 F.3d 47 (1st Cir. 2002) citing *Petrozziello*, 548 F.2d at 23.

The "in furtherance" question has no precise formula. Generally, a coconspirator's statement is considered to be in furtherance of the conspiracy as long as it promotes one or more of the objects of the conspiracy. *United States v. Fahey*, 769 F.2d 829, 839 (1st Cir. 1985). To be deemed "in furtherance," a statement "need not be necessary or even important to the conspiracy, or even made to a co- conspirator, as long as it can be said to advance the goals of the conspiracy in some way." *United States v. Martinez-Medina*, 279 F.3d 105, 117 (1st Cir.), cert. denied, 122 S. Ct. 2608 (2002). At best, Carr's statement to Sorrell alleges McDonald to be a user of cocaine, not a "partner" in Carr's distributorship!

Even so, the proponent of the out-of-court statement (typically, the government) is not entitled to a free pass. *Piper, supra*. The "in furtherance" requirement represents a real limitation on the admissibility of coconspirator statements. Carr's statement to Sorrell that he, Carr, was McDonald's source of supply does not further the conspiracy. The statement as offered is ambiguous in the context presented by the government. There is no information whether Carr allegedly gave McDonald his "supply" for personal use, how much was given and how often. Without any proof of the existence of the conspiracy, let alone its object, duration or intent, it is impossible to say how the statement furthers a conspiracy.

The government cannot argue it is somehow relieved from proving McDonald and Carr's

membership in a conspiracy. It is true that third-parties (persons to whom the statement was made) need not be members of a conspiracy; it does not follow, however, that the government is relieved from the burden of proving the existence of a conspiracy. See, e.g., *United States v. Singleton*, 125 F.3d 1097, 1107 (7th Cir. 1997); *United States v. Flores-Rivera*, 56 F.3d 319, 330 (1st Cir. 1995); *United States v. Formanczyk*, 949 F.2d 526, 531 (1st Cir. 1991). Statements made in the course of a discussion between a coconspirator and a third party who is a stranger to the conspiracy are admissible under Rule 801(d)(2)(E), <u>provided that</u> they meet the Rule's foundational requirements.

## **CONCLUSION**

For the reasons set forth above, defendant's motion should be allowed.

Respectfully submitted,
The Defendant Michael McDonald,
By his Attorney:

 /s./ John M. Moscardelli
JOHN M. MOSCARDELLI, BBO #357340
Peters & Moscardelli
Eight Winter Street, 12th Floor
Boston, MA  02108
Tel. 617-423-6222

DATED:  October 5, 2006

Certificate of Service

Counsel certifies he has served Assistant United States Attorney Donald Cabell today with a true copy of this motion through the CM/ECF of this District and that no party requires service by other means.

 /s./ John M. Moscardelli
John M. Moscardelli