# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                          )
UNITED STATES OF AMERICA                  )
                                          )
              v.                          )     Crim. No. 05-10016-RCL
                                          )
MICHAEL McDONALD                          )
                      Defendant           )
_____)

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America, by its attorney, Michael J. Sullivan, United States

Attorney for the District of Massachusetts, and Assistant United States Attorneys Donald L.

Cabell and Jeremy Sternberg, requests that the Court, in addition to its usual instructions in

criminal cases, give the following instructions to the jury.

The primary authority for the instructions are 3 L. Sand, *et al.*, Modern Federal Jury

Instructions (2000); 4 Devitt & Blackmar, Federal Jury Practice and Instructions (1990)(with

supplements); and First Circuit Pattern Jury Instructions: Criminal, Committee on Pattern

Criminal Jury Instructions First Circuit (West 1998).

The government reserves its right to supplement or modify these requested instructions in

light of the requests, if any, filed by the defendant, Michael McDonald, and the evidence in the

case.

Dated: October 24, 2006                   Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney


                                    By:   Donald L. Cabell_____
                                          DONALD L. CABELL
                                          JEREMY STERNBERG
                                          Assistant U.S. Attorneys

## GOVERNMENT INSTRUCTION NO. 1
### (DUTIES OF THE JURY)

Ladies and gentlemen:  You are the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some instructions.  These instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Adapted from:  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 2
### (NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE)

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys Donald Cabell and Jeremy Strenberg.  The defendant, Michael McDonald, is represented by John Moscardelli.

The defendant has been charged by the government with a violation of federal law.  He is charged in an indictment with possessing with intent to distribute cocaine on or about November 24, 2004.

The Indictment is simply a description of the charge against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charge and denies committing the crime. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 3**
**(DEFINITION OF "KNOWINGLY")**

The word "knowingly," as that term has been used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

4

**GOVERNMENT INSTRUCTION NO. 4**
**(DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW)**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 5
## (PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT)

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Michael McDonald, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Michael McDonald is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Michael McDonald's guilt of a particular crime, you should vote to convict him.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 6**
**(DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY)**

Michael McDonald has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 7**
**(WHAT IS EVIDENCE; INFERENCES)**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 8**
**(KINDS OF EVIDENCE:  DIRECT AND CIRCUMSTANTIAL)**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 9**
**(CREDIBILITY OF WITNESSES)**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 10**
**(CAUTIONARY AND LIMITING INSTRUCTIONS**
**AS TO PARTICULAR KINDS OF EVIDENCE)**

A particular item of evidence is sometimes received for a limited purpose only.  That is, it

can be used by you only for one particular purpose, and not for any other purpose.  I have told

you when that occurred, and instructed you on the purposes for which the item can and cannot be

used.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury
Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 11
### (WHAT IS NOT EVIDENCE)

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has been indicted is no evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charge of the government are brought before this court.  The Indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 12**
**("ON OR ABOUT")**


The indictment charges that the offense charged was committed "on or about" November 24,m 2004.  Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that any offense was committed precisely on the date charged.

K. O'Malley, J. Grenig, W. Lee, <u>Federal Jury Practice and Instructions</u> §13.05 (5th ed. 2000).

## GOVERNMENT INSTRUCTION NO. 13
## (EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS)

You have heard evidence that Michael McDonald previously committed acts similar to those charged in this case.  You may not use this evidence to infer that, because of his character, Michael McDonald carried out the acts charged in this case.

You may consider this evidence only for the limited purpose of deciding:  whether he had the state of mind or intent necessary to commit the crime charged in the indictment; whether he had a motive or the opportunity to commit the act charged in the indictment; or, whether he acted by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of Michael McDonald's prior similar acts.  Even if you find that he may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that he committed the acts charged in this case.

See First Circuit Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions (Criminal Cases) §2.05  (1998).

**GOVERNMENT INSTRUCTION NO. 14**
**(USE OF COOPERATING WITNESSES)**

You have heard testimony from a cooperating witness who was involved in the government's investigation in this case. Law enforcement agents are permitted to use a variety of methods to catch persons engaged in criminal activities or to afford an opportunity to a defendant to commit an offense, including the use of cooperating witnesses, undercover agents, furnishing of funds to pay for illegal services, the use of informers, and setting up sting transactions.

You have also heard the testimony of a government witness who participated in the crime charged against the defendant and who provided evidence under an agreement with the government. Some people in this position are entirely truthful when testifying. Still, you should consider this testimony with care and caution. When evaluating the credibility of such witness, you may consider whether she had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

See First Circuit Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions (Criminal Cases) §2.07 and §5.06 (1998).

**GOVERNMENT INSTRUCTION NO. 15**
**(IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION)**

You have heard evidence that one or more witnesses may have previously been convicted

of a crime.  You may consider that evidence, together with the other pertinent evidence, in

deciding how much weight to give those witnesses' testimony.

Pattern Jury Instructions:  **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury
Instructions §2.03 (1998 Edition).

**GOVERNMENT INSTRUCTION NO. 16**
**(WEIGHING THE TESTIMONY OF AN EXPERT WITNESS)**

You have heard testimony from expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions:  **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.06 (1998 Edition).

**GOVERNMENT INSTRUCTION NO.  17**
**(POSSESSION WITH INTENT TO DISTRIBUTE COCAINE)**

The defendant is accused of possessing with intent to distribute cocaine on or about November 24, 2004.  It is against federal law to possess cocaine with the intent to distribute it, that is, to transfer cocaine base, also known as crack cocaine to another person.  For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt that Michael McDonald  (1) knowingly or intentionally (2) possessed a quantity of cocaine base, (3) with the intent to distribute it.

Adapted from Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT'S INSTRUCTION NO. 18
## (AIDING AND ABETTING DISTRIBUTION, 18 U.S.C. § 2)

To be clear, in charging the defendant with possession of cocaine with the intent to distribute it, the government alleges that he "aided and abetted" another person. You may find Michael McDonald guilty of the charge contained in the indictment if you find that he "aided and abetted" another person. To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) Michael McDonald associated himself in some way with the crime and participated in it as he would in something he wished to bring about.

This means that the government must prove that Michael McDonald consciously shared the other person's knowledge of the underlying criminal act and intended to help him. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §4.02 (1998 Edition).

**GOVERNMENT'S INSTRUCTION NO. 19**
**(COCAINE – SCHEDULE II CONTROLLED SUBSTANCE)**

As a matter of law, I instruct you that cocaine is a Schedule II controlled substance. You

must take this as a fact.

21 U.S.C. §§ 802(6), 812.

**GOVERNMENT'S INSTRUCTION NO.  20**
**(FOREPERSON'S ROLE; UNANIMITY)**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 21**
**(CONSIDERATION OF EVIDENCE)**


Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.


Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 22
### (REACHING AGREEMENT)

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 23**
**(RETURN OF VERDICT FORM)**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form at this point.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 24
### (COMMUNICATION WITH THE COURT)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.