```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
                                      )
UNITED STATES OF AMERICA              )
                                      )
     v.                               )   CR. NO. 05-10016-RCL
                                      )
MICHAEL MCDONALD                      )
                                      )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE UNCHARGED MISCONDUCT, OTHER CRIMES, OR EVIDENCE OF CHARACTER, FED. R. EVID. 404(b) & 403**

**Introduction**

The United States of America, by Michael J. Sullivan, United States Attorney, and Donald L. Cabell and Jeremy Sternberg, Assistant United States Attorneys for the District of Massachusetts, hereby opposes the defendant's motion *in limine* to preclude the government from introducing evidence that Donovan Sorrell traveled from Jamaica to a hotel in Quincy on two occasions in September and October of 2004 to deliver cocaine to the defendant and Nuerel Carr. Evidence that the defendant engaged in two similarly executed drug deals with the defendant and Nuerel Carr just weeks before the charged offense is admissible in order to show motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident. And because a crucial, if not the sole, issue at trial is almost certain to be the defendant's knowledge and intent when he drove to the hotel, the probative value of this evidence far outweighs the risk of any unfair prejudice.

**Summary of the Evidence at Issue**

The government seeks to introduce evidence of the following at trial. In or around September of 2004, Sorrell was residing in Jamaica. A man he knew as "Bones" asked him to deliver cocaine concealed in juice bottles to two Boston area men that Bones identified as "Cox" and "McDonald." Sorrell agreed.

The first trip took place in September of 2004. Sorrell flew into Logan Airport and took a taxi to the Best Western hotel in Quincy. He did not check in. Rather, and by design, "Cox," later determined to be Nuerel Carr, met Sorrell at the hotel and brought him to Carr's residence in Roxbury, where Sorrell stayed for approximately two weeks. The defendant arrived at Carr's apartment approximately one hour after Sorrell's arrival at that apartment. Among other things, the defendant and Carr split the drugs equally after both commented positively on its high quality. Carr and the defendant "cooked up" some of the cocaine into crack. The defendant packaged some of the crack and stated that he had to leave to distribute the crack to some of his "high end" clients. The defendant did leave, but returned periodically to the apartment to hang out with Carr and to prepare and package more drugs for distribution.

Carr possessed a number of handguns and kept them in the apartment. The defendant and Carr handled the guns often during the time that Sorrell stayed at the apartment.

2

In October of 2004, Sorrell brought more cocaine from Jamaica to deliver to Carr and the defendant. He took a taxi to the Best Western hotel in Quincy and obtained a room. Subsequently, Carr arrived with the defendant in a Kia brand automobile driven by Carr. While the defendant stayed in the car, Carr met Sorrell in his room and took the drugs from him there. Sorrell then came outside with Carr and greeted the defendant in the Kia.

**Analysis**

The Evidence is Highly Probative and Especially Relevant.

Rule 404(b) allows "[e]vidence of other crimes, wrongs, or acts" to be introduced for a non-propensity purpose such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This rule is permissive in nature and its sole purpose "is to provide an exception to the common law rule barring evidence of prior bad acts." United States v. DeCicco, 370 F.3d 206, 214 (1st Cir. 2004). The First Circuit Court of Appeals has adopted the now familiar two-part test to determine admissibility of evidence offered under Rule 404(b). United States v. Aguilar-Aranceta, 58 F.3d 796, 798 (1st Cir. 1995). First, the proffered evidence must have some "special relevance" or "special" probative value independent of its tendency to show the defendant's bad character or criminal propensity. United States v. Frankhauser, 80 F.3d

641, 648 (1st Cir. 1996). Second, the probative value of the proffered evidence must not be substantially outweighed by the danger of unfair prejudice. Frankhauser, 80 F.3d at 648.

The probative value of 404(b) evidence is generally considered to be higher the closer it is in time and degree of similarity to the crime charged. Decicco, 370 F.3d at 211; United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002). Further, Rule 404(b) should be construed broadly in favor of admission where the other bad act evidence is introduced to show knowledge, motive, or intent. United States v. Landrau-Lopez, 444 F.3d 19, 24 (1st Cir. 2006); United States v. Flores Perez, 849 F.2d 1, 4 (1st Cir. 1988).

Against this backdrop, evidence that the defendant participated in two prior drug deals in which he and/or Carr drove to the Best Western hotel to meet Sorrell and retrieve cocaine is indisputably highly probative evidence of the defendant's knowledge on November 24, 2004 that Carr was going into the Best Western hotel to meet Sorrell and retrieve more cocaine, and the defendant's specific intent to help the transaction succeed. United States v. Hadfield, 918 F.2d 987, 994 (1st Cir. 1990)("We have often upheld the admission of evidence of prior narcotics involvement in drug trafficking cases to prove knowledge and intent."). Indeed, the First Circuit and other courts of appeals have routinely admitted such evidence in

4

drug dealing cases, particularly where the issue is knowledge and/or intent and the defense is likely to be that the defendant was nothing more than an innocent bystander. See United States v. Spinosa, 982 F.2d 620, 628 (1st Cir. 1992) (approving admission of evidence of past drug crimes as "probative of the fact that [the defendant] was not merely an innocent driver who was involved in the transaction by accident"); United States v. Ferrer-Cruz, 899 F.2d 135, 138 (1st Cir. 1990)(upholding admission of evidence of prior narcotics involvement in drug trafficking cases to prove knowledge and intent); United States v. Molinares Charris, 822 F.2d 1213, 1220 (1st Cir. 1987) (prior involvement with drug smuggling tended to refute 'mere presence' claim); United States v. Garcia, 983 F.2d 1160, 1173 (1st Cir. 1993)(prior drug crimes are probative of knowledge and intent); United States v. Escobar-de Jesus, 187 F.3d 148, 169 (1st Cir. 1999)(evidence of other bad acts can be admitted to explain the background, formation, and development of the illegal relationship, and help the jury understand the basis for the co-conspirators' relationship of mutual trust); see also United States v. Rodriguez, 215 F.3d at 119 (holding admissible evidence of another of defendant's drug ventures with the same participants to rebut defendant's claim that, on the occasion of the charged crime, he was an innocent bystander); United States v. Lopez, 340 F.3d 169, 174 (3rd Cir. 2003) (following decisions

"upholding the admission of evidence of prior drug involvement for the purpose of rebutting defense claims of innocent association"); United States v. Ruiz-Estrada, 312 F.3d 398, 403 (8th Cir. 2002) (admitting other act evidence to rebut defendant's defense that he was "merely present" in an apartment that contained evidence of a drug conspiracy).

The Probative Value Outweighs the Risk of Unfair Prejudice.

To be sure, the 404(b) evidence the government seeks to admit will be prejudicial against the defendant --but not unduly so. See Onujiogu v. United States, 817 F.2d 3, 6 (1st Cir. 1987) (all evidence is meant to be prejudicial; Rule 403 is designed to screen out only unfair prejudice). Because the defendant's knowledge and intent in driving to the Best Western hotel on November 24, 2004 is likely to be the critical issue in dispute, evidence establishing his participation in similarly executed drug deals with the same two men is, in comparison, far more probative than prejudicial. See Landrau-Lopez, 444 F.3d at 24 (evidence of defendant's knowledge outweighed risk of unfair prejudice where knowledge was critical issue at trial); Spinosa, 982 F.2d at 628 (upholding admission of prior bad act evidence because it "directly contradicts [the defendant's] defense that he was involved only by accident or mistake"). Finally, the Court can minimize any potential danger of unfair prejudice caused by the admission of this evidence by issuing a limiting

jury instruction regarding the proper relevance of the evidence. The First Circuit has approved the use of such limiting instructions as an appropriate means of protecting a defendant against the possibility that a jury might draw improper conclusions from a defendant's prior bad acts.  See, e.g., United States v. Candelaria-Silva, 162 F.3d 689, 706 (1st Cir. 1998) (finding danger of unfair prejudice quelled by cautionary instructions); United States v. Garcia,983 F.2d 1160, 1173 (1st Cir. 1993) ("district court handled the prior acts evidence with care, providing the jury with a limiting instruction . . . and again instructing the jury of the scope of prior acts evidence in his final charge.").

**Conclusion**

For the foregoing reasons, the government respectfully requests this Court deny the defendant's motion *in limine* to preclude the government from introducing evidence surrounding the defendant's prior drug dealing and relationship with Donovan Sorrell and Nuerel Carr.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/Donald L. Cabell
DONALD L. CABELL
JEREMY STERNBERG
Assistant U.S. Attorneys

Certificate of Service

I do hereby certify that a copy of the foregoing opposition was served upon John Moscardelli by electronic notice on this 25th day of October 2006.

/s/ Donald L. Cabell
Donald L. Cabell
Assistant U.S. Attorney