UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA             )
                                    )
     v.                              )     Criminal No. 05-10016-RCL
                                    )
MICHAEL McDONALD                     )
                                    )
_____)

**DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS**

The defendant, Michael McDonald, requests that the Court, in addition to its usual instructions in criminal cases, give the following instructions to the jury.

The primary authority for the instructions are Sand, Modern Federal Jury Instructions.

MICHAEL McDONALD
By his attorney,

/s/ John M. Moscardelli
_____
JOHN M. MOSCARDELLI, BBO #357340
Peters & Moscardelli
Eight Winter Street, 12th Floor
Boston, MA  02108
Tel. (617) 423-6222

DATED:

**DEFENDANT'S INSTRUCTION NO. 1**
**(LAW ENFORCEMENT WITNESSES)**

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight that that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, at ¶ 7.01 (Instruction No. 7-16).

## DEFENDANT'S INSTRUCTION NO. 2
### (WITNESSES' AGREEMENTS WITH GOVERNMENT)

In this case, there has been testimony from a government witness who entered agreement with the government to testify.

The government is permitted to enter into this kind of agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

<u>Authority</u>

District of Columbia Circuit: <u>United States v. DeLoach</u>, 530 F.2d 990 (D.C. Cir. 1975), <u>cert. denied</u>, 426 U.S. 909 (1976.
Second Circuit: <u>United States v. Gleason</u>, 616 F.2d 2 (2d Cir. 1979), <u>cert. denied</u>, 444 U.S. 1082 (1980).
Fifth Circuit: <u>Good v. United States</u>, 410 F.2d 1217 (5th Cir. 1969), <u>cert. denied</u>, 397 U.S, 1002 (1970).
Tenth Circuit: <u>United States v. McGuire</u>, 27 F.3d 457 (10th Cir. 1994).

**DEFENDANT'S INSTRUCTION NO. 3**
**(GUILTY PLEA OF WITNESS)**

You have heard testimony from government witnesses who pleaded guilty to charges relating to some of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against, or unfavorable to, the defendant on trial here.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 7-10.

**DEFENDANT'S INSTRUCTION NO. 4**
**(OTHER BENEFITS)**

You have heard testimony that, in addition to recommending a lower sentence or agreeing not to prosecute a witness for other crimes he or she may have committed, the government has promised to assist the witness in other ways.  You may consider whether those promises create a motive for the witness to testify falsely against the accused.  You may ask yourselves whether the promise creates an interest and whether the interest creates a bias against the defendant.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 7-15.