

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

January 31, 2007

John M. Moscardelli
Peters & Moscardelli
8 Winter St.
Boston, MA 02108

    Re: <u>United States v. Michael McDonald</u>
        Cr. No. 05-10016

Dear Attorney Moscardelli:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Michael McDonald ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Waiver and Entry of Plea</u>

At the earliest practicable date, but no later than March 15, 2007, Defendant shall waive indictment and plead guilty to the single count contained in the Superseding Information, charging Defendant with conspiracy to possess cocaine with the intent to distribute, in violation of 18 U.S.C. §371. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in the Superseding Information, and is in fact guilty of that offense. Upon entry of judgment on count one of the Superseding Information, the U.S. Attorney will dismiss the Indictment as it relates to Defendant.

    2.    <u>Penalties</u>

Defendant faces a maximum term of imprisonment of 5 years, a fine of $250,000, three years of supervised release, and a mandatory special assessment of $100.00.

3.  <u>Sentencing Guidelines</u>

The parties agree to take the position at sentencing that Defendant's base offense level is 26 pursuant to U.S.S.G. §2D1.1(c)(7).

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit his conduct in the offense of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)  Fails to provide truthful information about his financial status;

(e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates any condition of release;

(h)  Commits a crime; and/or

(i)  Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

(a)  60 months of incarceration;

(b)  forfeiture of Defendant's Nissan Pathfinder used on November 24, 2004;

  (c)  mandatory special assessment of $100; and

  (d)  three years of supervised release.

5.  <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

  (1)  Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

  (2)  The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines or application of minimum mandatory sentences.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.  Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss the Indictment upon entry of judgment on the Superseding Information.

8.  Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

9.  Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. §853 as a result of his guilty plea. The asset to be forfeited in this case specifically includes Defendant's Nissan Pathfinder seized on November 24, 2004. Defendant admits that the assets is subject to forfeiture on the grounds that it is property that was used to facilitate the commission of the offense charged in the Superseding Information. Defendant therefore consents to the forfeiture of all of Defendant's interests in the Nissan Pathfinder to the United States. The forfeiture may be carried out criminally, civilly, or administratively at the government's discretion.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeiture set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeiture be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeiture set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. <u>Withdrawal of Plea By Defendant</u>

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Donald L. Cabell.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
LAURA J. KAPLAN, Chief
Violent & Organized Crime Section

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Michael McDonald
Defendant

Date: 3/12/07

I certify that Michael McDonald has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
John M. Moscardelli, Esq.
Attorney for Defendant

Date: 3-/13/07

JS 45 (5/97) - (Revised USAO MA 3/25/02)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:**          Category No. __II__         Investigating Agency __ICE__

City __Boston__                Related Case Information:

County __Suffolk__             Superseding Ind./ Inf. __XXXXXX__   Case No. __05-10016-RCL__
                               Same Defendant __XXXXXX__     New Defendant _____
                               Magistrate Judge Case Number __MJ 04-M-282-JLA__
                               Search Warrant Case Number _____
                               R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Michael McDonald__                  Juvenile  [ ] Yes  [X] No

Alias Name _____

Address __16 Constitution Way, Mattapan__

Birth date: __1963__   SS#: __4952__   Sex: __M__   Race: __Black__   Nationality: _____

Defense Counsel if known: __John M. Moscardelli__   Address: __8 Winter St., Boston, MA 02108__

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Donald L. Cabell__                  Bar Number if applicable _____

Interpreter:  [ ] Yes  [X] No       List language and/or dialect: _____

Matter to be SEALED:  [ ] Yes  [X] No

[ ] Warrant Requested          [ ] Regular Process          [X] In Custody

**Location Status:**

Arrest Date: __November 24, 2004__

[X] Already in Federal Custody as __of November 24, 2004__ in __P.C.C.F.__
[ ] Already in State Custody _____  [ ] Serving Sentence  [ ] Awaiting Trial
[ ] On Pretrial Release: Ordered by _____ on _____

Charging Document:    [ ] Complaint    [X] Information    [ ] Indictment

Total # of Counts:    [ ] Petty    [ ] Misdemeanor    [x] Felony  __2__

Continue on Page 2 for Entry of U.S.C. Citations

[X]  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: __February 16, 2007__       Signature of AUSA: _/s/ Donald L. Cabell_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant     Michael McDonald

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. §371 | Conspir. To Poss. Cocaine W/Intent to Dist. | 1 |
| Set 2  21 U.S.C §853 | Forfeiture Allegation | 2 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:    ICE

michael mcdonald js45 information.wpd - 3/13/02

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-10016-RCL |
| v. | VIOLATION: |
| MICHAEL MCDONALD | Conspiracy to Possess Cocaine with the Intent to Distribute 18 U.S.C. §371 |

**SUPERSEDING INFORMATION**

<u>COUNT ONE</u>: Conspiracy to Possess Cocaine with the Intent to Distribute - 18 U.S.C. §371

The United States Attorney charges that:

On or about November 24, 2004 at Quincy, in the District of Massachusetts,

**MICHAEL MCDONALD,**

defendant herein, did willfully and knowingly, combine, conspire, confederate, and agree with another to commit an offense against the United States, namely, to knowingly and intentionally possess with intent to distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In furtherance of the conspiracy and agreement, Michael McDonald committed various overt acts in the District of Massachusetts, including, among others, the following:

1. On or about November 24, 2004, the defendant drove an individual named Nuerel Carr to the Best Western Hotel in Quincy, Massachusetts, so that Nuerel Carr could obtain cocaine from an

individual named Donovan Sorrell.

All in violation of Title 18, United States Code, Section 371.

FORFEITURE ALLEGATION (21 U.S.C. §853)

The United States Attorney further charges that:

1. As a result of the offenses alleged in Count 1 of this Superseding Information,

**MICHAEL MCDONALD,**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant --

   (a)  cannot be located upon the exercise of due diligence;

   (b)  has been transferred or sold to, or deposited with, a third party;

   (c)  has been placed beyond the jurisdiction of the Court;

   (d)  has been substantially diminished in value; or

   (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

3

All in violation of Title 21, United States Code, Section 853.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:

                                      /s/ Donald L. Cabell
                                      DONALD L. CABELL
                                      JEREMY STERNBERG
                                      Assistant U.S. Attorneys

February 16, 2007