UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                           )
            v.             )    Criminal No. 05-10016-RCL
                           )
MICHAEL MCDONALD,          )
            Defendant.     )

## UNITED STATES' MOTION FOR
## PRELIMINARY ORDER OF FORFEITURE

The United States, by and through its attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, hereby moves that this Court issue a Preliminary
Order of Forfeiture in the above-captioned case pursuant to Title
21, United States Code, Section 853, and Rule 32.2 of the Federal
Rules of Criminal Procedure.  A proposed Preliminary Order of
Forfeiture is submitted herewith.  In support thereof, the United
States sets forth the following:

1.   On January 26, 2005, a federal grand jury sitting in
the District of Massachusetts returned a four-count Indictment
charging defendant Michael McDonald (the "Defendant") and others
with Conspiracy to Import Cocaine, in violation of 21 U.S.C. §
963 (Count One), and Possession with Intent to Distribute
Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
(Counts Three and Four)[1].

2.   The Indictment also contained a forfeiture allegation
pursuant to 21 U.S.C. § 853, which sought the forfeiture, as a

---

[1]The Defendant was not charged in Count Two of the Indictment.

result of the offenses alleged in Counts One through Four of the Indictment, of any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such violations.

3.    On March 23, 2005, the United States submitted the United States' Bill of Particulars for Forfeiture of Assets (Document No. 20), specifically giving notice that the United States would seek the forfeiture of the following property from the Defendant:

> one 2000 Nissan Pathfinder, Vehicle Identification No. JN8AR07Y2YW423553, seized from Michael McDonald on or about November 24, 2004 (the "Nissan Pathfinder").

4.    On February 16, 2007, the United States filed a one-count Superseding Information charging the Defendant with Conspiracy to commit a violation of 21 U.S.C. § 841(a)(1), that is, to Possess Cocaine with the Intent to Distribute, in violation of 18 U.S.C. § 371 (Document No. 80).  The Superseding Information also included a Forfeiture Allegation which sought the forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such violation, pursuant to

21 U.S.C. § 853.

5.    On March 15, 2007, the Defendant pled guilty to Count One of the Superseding Information, pursuant to a written plea agreement he signed on February 16, 2007 (Document No. 82).  In Section Nine of the written plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea, including the Nissan Pathfinder.  In the plea agreement, the Defendant admitted that the Nissan Pathfinder is subject to forfeiture on the grounds that it was used to facilitate the commission of the offense charged in Count One of the Superseding Information.

6.    Based upon the Defendant's guilty plea and his admissions in the written plea agreement, the United States has established the requisite nexus between the Nissan Pathfinder and the offense to which the Defendant has pleaded guilty. Accordingly, the Nissan Pathfinder is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

7.    As a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Nissan Pathfinder, or substitute assets, in a value up to the value of the Nissan Pathfinder.  See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United

States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

8.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Nissan Pathfinder, and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Nissan Pathfinder in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court:

(a)   enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)   include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c)   incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

4

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

By:  /s/ Kristina E. Barclay
DONALD L. CABELL
JEREMY STERNBERG
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
Date: June 11, 2007          (617) 748-3100

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 112.1

I hereby certify that, prior to filing this Motion, I attempted to confer in good faith with counsel for the Defendant, as required by Local Rules 7.1 and 112.1.

/s/ Kristina E. Barclay
Kristina E. Barclay
Date: June 12, 2007          Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kristina E. Barclay
Kristina E. Barclay
Date: June 12, 2007          Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
                v.              )    Criminal No. 05-10016-RCL
                                )
MICHAEL MCDONALD,               )
                Defendant.      )

### <u>PRELIMINARY ORDER OF FORFEITURE</u>

**LINDSAY, D.J.,**

WHEREAS, on January 26, 2005, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment charging defendant Michael McDonald (the "Defendant") and others with Conspiracy to Import Cocaine, in violation of 21 U.S.C. § 963 (Count One), and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Three and Four);

WHEREAS, the Indictment also contained a forfeiture allegation pursuant to 21 U.S.C. § 853, which sought the forfeiture, as a result of the offenses alleged in Counts One through Four of the Indictment, of any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such violations;

WHEREAS, on March 23, 2005, the United States submitted the United States' Bill of Particulars for Forfeiture of Assets,

specifically giving notice that the United States would seek the
forfeiture of the following property from the Defendant:

> one 2000 Nissan Pathfinder, Vehicle Identification No.
> JN8AR07Y2YW423553, seized from Michael McDonald on or
> about November 24, 2004 (the "Nissan Pathfinder");

WHEREAS, on February 16, 2007, the United States filed a
one-count Superseding Information charging the Defendant with
Conspiracy to commit a violation of 21 U.S.C. § 841(a)(1), that
is, to Possess Cocaine with the Intent to Distribute, in
violation of 18 U.S.C. § 371;

WHEREAS, the Superseding Information also included a
Forfeiture Allegation which sought the forfeiture of any and all
property constituting, or derived from, any proceeds the
Defendant obtained, directly or indirectly, as a result of such
offenses; and/or any property used or intended to be used, in any
manner or part, to commit, or to facilitate the commission of any
such violation, pursuant to 21 U.S.C. § 853;

WHEREAS, on March 15, 2007, the Defendant pled guilty to
Count One of the Superseding Information, pursuant to a written
plea agreement he signed on February 16, 2007;

WHEREAS, in Section Nine of the written plea agreement, the
Defendant agreed to forfeit any and all of his assets subject to
forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty
plea, including the Nissan Pathfinder;

2

WHEREAS, in the plea agreement, the Defendant admitted that the Nissan Pathfinder is subject to forfeiture on the grounds that it was used to facilitate the commission of the offense charged in Count One of the Superseding Information; and

WHEREAS, based upon the Defendant's guilty plea and his admissions in the written plea agreement, the United States has established the requisite nexus between the Nissan Pathfinder and the offense to which the Defendant has pleaded guilty, and by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Nissan Pathfinder.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the guilty plea and subsequent conviction of the Defendant, that the government has established the requisite nexus between the Nissan Pathfinder and the offense to which the Defendant pled guilty. Accordingly, all of the Defendant's interest in the Nissan Pathfinder are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

2.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Department of Homeland Security, Bureau of Customs and Border Protection is hereby

3

authorized to seize the Nissan Pathfinder and maintain it in its secure custody and control.

3.   Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order and of the United States' intent to dispose of the Nissan Pathfinder in such manner as the Attorney General may direct.

4.   Pursuant to 21 U.S.C. § 853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Nissan Pathfinder to be forfeited.

5.   Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Nissan Pathfinder, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Nissan Pathfinder; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Nissan Pathfinder, the time and circumstances of

the petitioner's acquisition of the right, title, or interest in the Nissan Pathfinder, any additional facts supporting the petitioner's claim, and the relief sought.

6.    Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Nissan Pathfinder.

7.    Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.


_____
REGINALD C. LINDSAY
United States District Judge

Dated: