UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
            v.              )   Criminal No. 05-10016-RCL
                            )
MICHAEL MCDONALD,           )
            Defendant.      )

### PRELIMINARY ORDER OF FORFEITURE

**LINDSAY, D.J.,**

WHEREAS, on January 26, 2005, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment charging defendant Michael McDonald (the "Defendant") and others with Conspiracy to Import Cocaine, in violation of 21 U.S.C. § 963 (Count One), and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Three and Four);

WHEREAS, the Indictment also contained a forfeiture allegation pursuant to 21 U.S.C. § 853, which sought the forfeiture, as a result of the offenses alleged in Counts One through Four of the Indictment, of any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such violations;

WHEREAS, on March 23, 2005, the United States submitted the United States' Bill of Particulars for Forfeiture of Assets,

specifically giving notice that the United States would seek the forfeiture of the following property from the Defendant:

> one 2000 Nissan Pathfinder, Vehicle Identification No. JN8AR07Y2YW423553, seized from Michael McDonald on or about November 24, 2004 (the "Nissan Pathfinder");

WHEREAS, on February 16, 2007, the United States filed a one-count Superseding Information charging the Defendant with Conspiracy to commit a violation of 21 U.S.C. § 841(a)(1), that is, to Possess Cocaine with the Intent to Distribute, in violation of 18 U.S.C. § 371;

WHEREAS, the Superseding Information also included a Forfeiture Allegation which sought the forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such violation, pursuant to 21 U.S.C. § 853;

WHEREAS, on March 15, 2007, the Defendant pled guilty to Count One of the Superseding Information, pursuant to a written plea agreement he signed on February 16, 2007;

WHEREAS, in Section Nine of the written plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea, including the Nissan Pathfinder;

WHEREAS, in the plea agreement, the Defendant admitted that the Nissan Pathfinder is subject to forfeiture on the grounds that it was used to facilitate the commission of the offense charged in Count One of the Superseding Information; and

WHEREAS, based upon the Defendant's guilty plea and his admissions in the written plea agreement, the United States has established the requisite nexus between the Nissan Pathfinder and the offense to which the Defendant has pleaded guilty, and by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Nissan Pathfinder.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the guilty plea and subsequent conviction of the Defendant, that the government has established the requisite nexus between the Nissan Pathfinder and the offense to which the Defendant pled guilty. Accordingly, all of the Defendant's interest in the Nissan Pathfinder are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Department of Homeland Security, Bureau of Customs and Border Protection is hereby

authorized to seize the Nissan Pathfinder and maintain it in its secure custody and control.

    3.    Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order and of the United States' intent to dispose of the Nissan Pathfinder in such manner as the Attorney General may direct.

    4.    Pursuant to 21 U.S.C. § 853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Nissan Pathfinder to be forfeited.

    5.    Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Nissan Pathfinder, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Nissan Pathfinder; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Nissan Pathfinder, the time and circumstances of

the petitioner's acquisition of the right, title, or interest in the Nissan Pathfinder, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Nissan Pathfinder.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

Dated: 6/18/07

REGINALD C. LINDSAY
United States District Judge

5